UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA W. VIANA,

      Plaintiff,

v.                              CASE NO.: 8:13-cv-1222-T-23TGW

TOM KNIGHT,

      Defendant.

_____/

## **ORDER**

A civilian employee of the Sarasota County Sheriff, Viana sues (Doc. 1) the Sheriff in his official capacity and alleges that the Sheriff violated Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and the Equal Pay Act by paying her less than comparable male employees. The Sheriff moves (Doc. 11) for summary judgment on all claims and addresses the two male "comparators" identified by Viana. Viana responds (Doc. 16) only as to the Title VII claim and only as to one comparator.[1]

Viana has worked for the Sheriff since 1990 in jobs that include darkroom technician, ten-print technician, and latent-print examiner. In 2002, the Sheriff promoted Viana to AFIS Coordinator, a newly-created job with responsibility for

---

[1] At the August 18, 2014, hearing on the motion for summary judgment, Viana acknowledged through counsel her withdrawal of the claims under the Equal Pay Act and the Florida Civil Rights Act, as well as the claim that Jason Hurlihy is a comparator for her Title VII claim.

administering the Automated Fingerprint Identification System.  The Sheriff classified the AFIS Coordinator job at pay-grade 14.  In 2003, Viana began supervising other employees, including a ten-print technician and two latent-print examiners.  Her pay increased but her pay grade remained the same.

In October 2009, Viana requested that the Sheriff adjust her pay grade to achieve parity with the Crime Scene Supervisor, classified at grade 20.  Viana's supervisor, Captain Jeffrey Bell, supported the request, but Major Kurt Hoffman, the human resources division commander, denied the request.  In June 2010, the Sheriff hired Michael Gorn, a male, as Crime Scene Supervisor.  Viana did not apply for the job.

In 2011, the Sheriff increased the pay grade for Viana's job from grade 14 to grade 16.  According to Hoffman, the grade increase was part of a strategic plan resulting in grade increases throughout the Sheriff's office.  The Crime Scene Supervisor job remained classified at grade 20.

The burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to Viana's claim that the Sheriff assigned her a lower pay grade based on her sex.  (Doc. 1 ¶ 17)  To establish a *prima facie* case of disparate treatment, Viana must show (1) that she is a member of a protected class and qualified for the job at issue, (2) that she suffered an adverse employment action, and (3) that the Sheriff treated a similarly-situated male employee more favorably.  *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *Gillis v. Ga. Dep't of Corrs.*, 400

F.3d 883, 887 (11th Cir. 2005).  If Viana successfully states a *prima facie* claim, the

burden shifts to the Sheriff to articulate a non-discriminatory reason for the adverse

action.  If the Sheriff articulates a non-discriminatory reason, Viana must present

evidence that the Sheriff's stated reason is a mere pretext for an unlawful motive.

*Crawford*, 529 F.3d at 975-76.

Despite Gorn's higher pay grade, Viana has always earned a higher salary than

Gorn.  Viana's current salary is $69,907; Gorn's salary is $64,541.  For this reason,

the Sheriff argues that Viana does not satisfy the requirements of the traditional

"disparate pay" *prima facie* claim, which requires an actual and unfavorable disparity

between the salary of the plaintiff and the salary of her comparator.  *E.g.*, *Mulhall v.

Advance Sec., Inc.*, 19 F.3d 586, 588 n.7 (11th Cir. 1994).  Nonetheless, the record

supports an equivocal inference that Viana would earn a higher salary if the Sheriff

classified her position at grade 20.  As a result, the Sheriff's failure to re-classify

Viana's position to grade 20 arguably constitutes an adverse employment action.[2]

*Cf. Gillis*, 400 F.3d at 888 (holding that a negative performance evaluation, which

directly cost the plaintiff a $912.36 raise, was an adverse employment action); *Moore*

---

[2] Viana conclusorily asserts that she "has established that the two positions yield different compensation" (Doc. 16 at 8) but cites no specific facts supporting that assertion. The record confirms that Viana earns the maximum salary under grade 16 and that a grade 20 job carries a higher maximum salary. (Doc. 13-1 at 25; Doc. 12-4 at 10, 30) Although Viana's previous grade increases demonstrate that she never received a lower salary after moving to a higher grade, grade 16 and 20 overlap considerably, as the plaintiff conceded at oral argument, and Viana might arrive in grade 20 and retain her present salary. (Doc. 13-2 at 4-5, 16) In sum, Viana might lack the injury-in-fact necessary for Article III standing and might lack the damages necessary to the accrual of her claim for relief.

*v. Devine*, 767 F.2d 1541, 1546-48 (11th Cir. 1985) (addressing a disparate treatment claim based, in part, on the defendant's failure to re-classify the plaintiff's job to a higher pay grade).

Assuming Viana has otherwise presented a *prima facie* claim,[3] the Sheriff offers a non-discriminatory reason for the pay-grade differential: Hoffman states that a pay grade is based on a job's necessary skills and expertise, working conditions, and market value, as well as the number and location of people supervised.  Viana's work is devoted to fingerprint evidence; Gorn's work requires analysis of a total crime scene, including measuring and photographing; collecting and preserving blood, fluid, and other evidence; administering the gunshot residue test; and examining a body.  Viana works indoors; Gorn works indoors and outdoors and is required to attend the crime scene, which can subject a person to harsh temperatures and hazardous conditions.  Viana supervises employees who work in an office environment in close proximity to her; Gorn supervises employees who often work at a remote crime scene and who are assigned a take-home vehicle.  Hoffman further states that the salary of Viana's job is within the range of similar jobs at other agencies.  (Doc. 12-4 at 2-4)

---

[3] The Sheriff argues that, due to differences in their jobs, Viana and Gorn are not "similarly situated" and that therefore Viana is unable to establish a *prima facie* claim. Because this argument overlaps with the Sheriff's proffered non-discriminatory reason for the pay-grade differential and because comparator evidence is not necessary to survive summary judgment, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011), the parties' arguments are instead evaluated under the second and third steps of the burden-shifting framework.

The Sheriff satisfies the burden of production, and Viana bears the burden of showing pretext.  Viana argues that Bell's support for her request for re-classification demonstrates an "inconsistent valuation" of her position within the Sheriff's office.  (Doc. 16 at 8)  But Bell states that he based his recommendation on Viana's job performance and conducted no assessment of the skills and working conditions of Viana's job compared to the job of other supervisors.  (Doc. 12-1 at 2)  Because he did not evaluate Viana's position, Bell's recommendation does not demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted).  In sum, Viana offers no evidence of pretext in the Sheriff's explanation.

Ultimately, Viana quarrels with the wisdom of the Sheriff's reasonable choice to place a higher value on a job which requires more diverse skills and more technical skills and in which the occupant supervises a larger number of employees, who – regardless of their pay grade – work at remote, unpleasant, and dangerous crime scenes.  Title VII is not a device that empowers the judge or the jury "to act as a super personnel department that second-guesses employers' business judgments."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004) (internal quotation marks omitted).

## CONCLUSION

On the claim of sex discrimination contrary to Title VII, the record presents no genuine issue of material fact, the Sheriff is entitled to judgment as a matter of law, and the Sheriff's motion for summary judgment (Doc. 11) is **GRANTED**.  The clerk is directed (1) to enter judgment in favor of the defendant and against the plaintiff on all claims in the complaint, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on August 20, 2014.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE